Wilde, J.
There is, we think, no question, that the instruction to the jury was correct. It is objected, that the goods were taken by the defendant by virtue of a writ against the plaintiff, and were attached as his property, and therefore that the defendant is estopped to deny that they were the plaintiff’s property. But we think otherwise; for if the attachment was made by mistake, supposing the goods to be the plaintiff’s property, when they were not, there can be no reason why the plaintiff should be entitled to an action for taking property to which he had no title.
It was objected, that the instruction to the jury, that to entitle the plaintiff to recover, he must show that at the time of the alleged trespass he had a title to the property, or to some part of it, was incorrect, and might mislead the jury ; the word title being a word of an indefinite meaning. But we think there is no foundation for this exception. A party may have a title to property although he is not the absolute owner. If he has the actual or constructive possession of property or the right of possession, he has a title thereto, although another party may be the owner. But if the plaintiff had not the possession, nor the right of possession, nor the right of property, he certainly could not maintain his action. An objection was made to the paroi evidence of the plaintiff’s examination before a magistrate on his application to be admitted to *194 take the poor debtor’s oath. But this objection is immaterial as all the material facts proved by the paroi evidence were fully proved by the magistrate’s certificate.

Exceptions overruled.